FILED

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT

JAMES B. HARMON, 06051-055,

    Petitioner,

                                                                  DECISION AND ORDER
    -v-                                                    92-CR-0060L
                                                         04-CV-6112L
UNITED STATES OF AMERICA,              05-CV-6104L

    Respondent.

Petitioner, James B. Harmon, an inmate of a federal correctional facility, has filed several challenges to the judgment of conviction entered on May 6, 1993.[1] All of his challenges are docketed in the criminal docket (Criminal Docket No. 92-CR-0060). On March 17, 2004, petitioner filed a challenge to the conviction in which he seeks a "Writ of Mandamus, Extraordinary Writ" (Docket No. 7). The Court directed him to provide additional information as to why the motion should not be treated as a second and successive petition pursuant to § 2255, and transferred to the Court of Appeals (Docket No. 8). Petitioner filed a timely response but did not address several issues raised in the March 24, 2004 Order.

On March 9, 2005, petitioner filed a motion, titled "Writ of Habeas Corpus, Federal Civil Rules of Procedure 60(b), Clerical Mistakes" (Docket No. 10), which was docketed as another motion to vacate pursuant to § 2255. For the reasons discussed below, Docket No. 10 is deemed to

---

[1] Additionally, petitioner filed two previous § 2255 motions under civil docket numbers 95-CV-6089 (filed on February 24, 1995 and denied May 13, 1996), and 98-CV-6081 (filed on March 5, 1998 and denied April 29, 1998).

be a motion for relief from a judgment or order, pursuant to Rule 60 of the Federal Rules of Civil Procedure, and the relief requested in both Docket Nos. 7 and 10 is denied.

In Docket No. 7, petitioner claims that he is entitled to a new trial because he was convicted by eleven jurors, instead of twelve. Further, he claims that he was denied the procedural protections afforded by the Fourteenth Amendment, that he was improperly sentenced to consecutive time rather than concurrent time, that the jury instructions prevented jurors from considering lessor included crimes, and that the sentence enhancements are wrong. In response to the Order directing him to address whether his motion was a successive petition pursuant to § 2255 (Docket No. 9), petitioner clearly indicated that he did not want the motion to be "recharacterized" as a § 2255 petition.

In Docket No. 10, petitioner challenges several aspects of the May 6, 1993 conviction: arguing that his court appointed counsel had a conflict of interest, that jury selection was biased, that he suffered from an infection rendering him unable to hear the proceedings, that the Court imposed improper sentence enhancement, that he has not received the jail credit to which he is entitled, and that he is entitled to *de novo* review. Additionally, petitioner presents speculative assertions based loosely on newspaper articles. He cites to Rule 60(b) and argues that he is entitled to relief without reliance on § 2255.

Petitioner clearly does not intend for his papers to be "recharacterized" as a motion to vacate pursuant to § 2255. It is clear why that is so. According to 28 U.S.C. § 2255, "a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals." Petitioner acknowledges that he has previously pursued numerous challenges to his conviction, and the grounds in his papers reiterate allegations that he has previously raised, both prior to sentencing and throughout the following decade. If petitioner's motions are recharacterized

2

and transferred as a § 2255 petition, the papers will be held to the strict standards of § 2244 and that, in light of the previous challenges submitted, petitioner's papers are likely to be barred as an abuse of the writ.

In short, petitioner is seeking relief from his conviction but without following the dictates of § 2244. In light of the limitations on second and successive petitions in § 2255, "the district courts must be careful not to recharacterize ... [a] motion as a second or successive collateral attack and transfer it to [the Court of Appeals] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) ...." *Gitten v. U.S.*, 311 F.3d 529, 534 (2d Cir. 2002).

Preliminarily, despite his attempts to seek relief under another avenue, "§ 2255 is the approved road for such a petitioner to travel in order to challenge his conviction. Moreover, appellant has not established his right to an exception that would justify using an alternative route." *Adams v. U.S.*, 372 F.3d 132, 135 (2d Cir. 2004) ("Adams II"). Further, petitioner has filed two previous motions to vacate that have been denied. Thus, the concerns regarding "recharacterization" of *pro se* papers and the potential consequences for the litigant are greatly reduced. *Compare Adams v. United States,* 155 F.3d 582, 583-84 (2d Cir.1998) (per curiam) ("Adams I"). Moreover, petitioner was made aware of the potential for his petition to be reviewed as a § 2255 motion in the March 24, 2004 Order. Where, as here, petitioner has filed a challenge to his conviction in a manner designed to evade the § 2255 limitations on successive petitions, the district court may choose to either transfer the motion to the Court of Appeals, or "if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality

of his detention, the district court may dismiss the ... petition for lack of jurisdiction." *Adams II*, 372 F.3d at 136 (citing *Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir.2003).

Nothing in petitioner's papers indicates that a § 2255 petition would not adequately address his concerns, were that avenue open to him. Petitioner's instant claims were available to him throughout his direct appeal and previous collateral challenges. The Second Circuit has found that "§ 2255 is *not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams II*, 372 F.3d at 136 (*citing Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir.2001)). In light of numerous challenges filed by petitioner over the past decade, the nature of the claims he currently raises, and the multiple barriers[2] to granting him the relief he seeks, the best use of judicial resources is to simply deny petitioner's motions.

Moreover, to the extent that petitioner is making a motion to reconsider either his conviction or earlier denials of his collateral attacks, such relief is unavailable to him. Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding. Nothing in petitioner's motion for reconsideration allows the Court to grant relief from the conviction under Rule 60(b). Petitioner does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice. He

---

[2]In addition to the bar against second and successive petitions, 28 U.S.C. § 2255 imposes a one-year statute of limitations. Petitioner has not established a basis for either re-starting the time period or tolling the expiration, and thus such motions are untimely. *See Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir. 2001); *and see Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"); see also *Johnson v. Nyack Hospital,* 86 F.3d 8, 12 (2d Cir. 1996)

simply asserts that the conviction and sentence is wrong, for reasons that he either has raised, or could have raised, before.

Additionally, the reconsideration motion is untimely. "The motion shall be made within a reasonable time, and for the reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b). The conviction was entered in 1992, and affirmed on August 18, 1994. *U.S. v. Harmon*, 35 F.3d 553 (2d Cir. 1994). Even if petitioner is moving to reconsider the denial of his previous collateral attacks, the most recent denial was entered on April 29, 1998. Nothing in petitioner's papers suggests a basis for extending or tolling the time. Petitioner's motion for reconsideration is without merit and time-barred. Petitioner has not established or implicated any other basis for granting relief.

Accordingly, I deny the motions (Docket Nos. 7 and 10).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   May 23, 2005
         Rochester, New York